Death Opinion
















IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO.74,109






DANIEL CLATE ACKER, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL


FROM HOPKINS COUNTY






 Price, J., filed this concurring opinion.


O P I N I O N




 I concur in the Court's judgment. The Court refuses to review all the appellant's
allegations of improper comments in his sixth point of error, even though the appellant
provided record citations, because he failed to say which instances of alleged prosecutorial
misconduct were preserved and because he failed to argue that any of those not preserved
resulted in fundamental error. The Court chooses instead to review the first twelve of
forty-eight allegations. It took me very little time to review the record and find that the
appellant had preserved one of his complaints with a timely specific objection. Because
the appellant preserved error on this claim, I think the Court should review the merits of the
claim.

 During the punishment phase of the appellant's trial, defense counsel questioned the
appellant's sister about whether he had ever hit her before.

 [Defense Counsel]: Did [the appellant] ever hit you?


 [Witness]: No. I walloped him once. 


 [Defense Counsel]: I'm sorry?


 [Witness]: I said I walloped him. 


 [Prosecutor]: Ma'am, I don't remember anybody asking you if you hit him.


 [Witness]: He asked if we squabbled.


 [Defense Counsel]: Objection, [Y]our Honor. He's talking directly to the
witness and he hasn't objected.


 [Court]: Just a minute. Just a minute.


 [Prosecutor]: My objection is it's non-responsive.


 [Court]: Sustained.


 [Defense Counsel]: Then let him ask the Court.


 [Prosecutor]: I'm going to ask you to instruct the witness to be responsive to
the questions.


 [Court]: Ma'am, just respond to the question. Answer the question and he
will ask you another one. Go ahead.


 [Defense Counsel]: Your Honor, I'd ask you to have the prosecutor to
address the Court and not the witness. [sic]


 [Court]: Sustained.


 [Defense Counsel]: At this time I'd ask the Court to instruct the jury to
disregard the last remark made by the prosecutor before he addressed the
Court, [Y]our Honor.


 [Court]: Well, okay. Ladies and gentlemen, disregard that statement. Don't
consider it for any purpose. 


 [Defense Counsel]: I'd move for a mistrial, [Y]our Honor.


 [Court]: Denied.


 [Prosecutor]: The last remark I made I believe was a legal objection.


 [Defense Counsel]: I'm talking about the remark he made directly to the
witness before the objection, [Y]our Honor.


 [Court]: Yes, and the Court has instructed the jury. Go ahead.

 In his brief, the appellant complains that the prosecutor made comments without
making objections. In this instance, and in several other instances cited in the appellant's
brief, the prosecutor's comment was inappropriate. When parties have objections to
testimony, they should address the trial court and not the witness or opposing counsel. The
trial court sustained the appellant's objection, however, and promptly instructed the jury to
disregard the prosecutor's comment. 

 A trial court's denial of a motion for mistrial is reviewed under an abuse of
discretion standard. Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A
mistrial is appropriate only for "highly prejudicial and incurable errors." Ibid. It may be
used to end trial proceedings when faced with error so prejudicial that "expenditure of
further time and expense would be wasteful and futile." Ibid. We have held that, ordinarily,
a prompt instruction to disregard will cure error associated with an improper question,
answer, or comment. Cf. Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). The
trial court is required to grant a motion for a mistrial only when the improper comment is
"clearly prejudicial to the defendant and is of such character as to suggest the impossibility
of withdrawing the impression produced on the minds of the jurors." Wood, 18 S.W.3d at
648. This is not such a case. I would hold that the trial court did not abuse its discretion in
failing to grant the appellant's motion for a mistrial.

 There were many other instances in which the appellant failed to object to similar
comments made by the prosecutor. I think that, had the appellant objected, the trial court
could have and would have instructed the jury to disregard the prosecutor's comments and
instructed the prosecutor about the appropriate way to make an objection. The trial court
showed no reluctance to instruct the jury when the appellant requested it. The appellant
should have objected. 

 I concur in the judgment of the Court.

Filed: November 26, 2003.

Do Not Publish.